```
                              United States Bankruptcy Court
                              Middle District of Pennsylvania
In re:                                                              Case No. 20-02309-HWV
Maurice L. Harsh                                                    Chapter 13
Kelly J Harsh
         Debtors                   CERTIFICATE OF NOTICE
District/off: 0314-1           User: AutoDocke              Page 1 of 2             Date Rcvd: Sep 04, 2020
                               Form ID: pdf002              Total Noticed: 34


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Sep 06, 2020.
db/jdb         +Maurice L. Harsh,    Kelly J Harsh,    456 Mt. Pleasant Road,    Fayetteville, PA 17222-9305
5348383         American oradius International,    2420 Sweet Home Rd., Ste 150,    Buffalo, NY 14228-2244
5348384         Avant,    PO Box 1429,    Carol Stream, IL 60132-1429
5348385         Barclay Card,    PO Box 13337,    Philadelphia, PA 19101-3337
5348386         Barclay Card - Mercury Card,    PO Box 13337,    Philadelphia, PA 19101-3337
5348389         Citicard Client Services - Sunoco,    PO Box 1503,    Saint Peters, MO 63376-0027
5348392         First Bankcard - Chrysler,    PO Box 2557,    Omaha, NE 68103-2557
5348393         First Bankcard - Sheetz,    PO Box 2557,    Omaha, NE 68103-2557
5348394         First National,    PO Box 5097,    Sioux Falls, SD 57117-5097
5348396        +Law Office of Frederick I. Weinberg,    & Associates, P.C.,    375 E. Elm St., Ste. 210,
                 Conshohocken, PA 19428-1973
5348398        +Mariner Finance,    40 Noble Blvd., Suuite 22,    Carlisle, PA 17013-4122
5348399        +NCB Management,    PO Box 1099,    Langhorne, PA 19047-6099
5349937       ++PERI GARITE,    ATTN CARD WORKS,    101 CROSSWAYS PARK DR W,    WOODBURY NY 11797-2020
                (address filed with court: First National Bank of Omaha,    1620 Dodge Street, Stop Code 3129,
                 Omaha, Nebraska 68197)
5348401        +Prothonotary, Franklin County,    157 Lincoln Way East,    Chambersburg, PA 17201-2233
5348404        +Target,    PO Box 9500,    Minneapolis, MN 55440-9500

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
cr             +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Sep 04 2020 19:34:20
                 PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
5348381         E-mail/Text: kristin.villneauve@allianceoneinc.com Sep 04 2020 19:24:07      Alliance One,
                 PO Box 3111,    Southeastern, PA 19398-3111
5350118         E-mail/Text: ally@ebn.phinsolutions.com Sep 04 2020 19:24:08      Ally Bank,    PO Box 130424,
                 Roseville, MN  55113-0004
5348382        +E-mail/Text: ally@ebn.phinsolutions.com Sep 04 2020 19:24:08      Ally Financial,
                 PO Box 380902,    Minneapolis, MN 55438-0902
5348387         E-mail/Text: cms-bk@cms-collect.com Sep 04 2020 19:24:16      Capital Management Services, LP,
                 698 1/2 South Ogden Street,    Buffalo, NY 14206-2317
5348388         E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Sep 04 2020 19:34:00      Capital One,
                 PO Box 71083,    Charlotte, NC 28272-1083
5350753         E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Sep 04 2020 19:34:36
                 Capital One Bank (USA), N.A.,    by American InfoSource as agent,    PO Box 71083,
                 Charlotte, NC  28272-1083
5348390         E-mail/PDF: DellBKNotifications@resurgent.com Sep 04 2020 19:34:06      Dell Financial,
                 1 Dell Way,    Round Rock, TX 78682
5348391         E-mail/Text: mrdiscen@discover.com Sep 04 2020 19:24:09      Discover,    PO Box 15316,
                 Wilmington, DE 19850
5350249         E-mail/Text: mrdiscen@discover.com Sep 04 2020 19:24:09      Discover Bank,
                 Discover Products Inc,    PO Box 3025,    New Albany, OH  43054-3025
5354582        +E-mail/Text: JCAP_BNC_Notices@jcap.com Sep 04 2020 19:24:27
                 First Financial Investment Fund Holdings, Llc,    Jefferson Capital Systems LLC Assignee,
                 Po Box 7999,    Saint Cloud Mn 56302-7999
5348395         E-mail/Text: sbse.cio.bnc.mail@irs.gov Sep 04 2020 19:24:14      Internal Revenue Service,
                 Centralized Insolvency Operations,    P.O. Box 7346,    Philadelphia, PA 19101-7346
5349987         E-mail/PDF: resurgentbknotifications@resurgent.com Sep 04 2020 19:34:07      LVNV Funding, LLC,
                 Resurgent Capital Services,    PO Box 10587,    Greenville, SC 29603-0587
5348397        +E-mail/PDF: gecsedi@recoverycorp.com Sep 04 2020 19:34:33      Lowe's,    PO Box 103104,
                 Roswell, GA 30076-9104
5348400        +E-mail/Text: bankruptcy@patriotfcu.org Sep 04 2020 19:24:24      Patriot Federal Credit Union,
                 800 Wayne Avenue,    Chambersburg, PA 17201-3810
5348402         E-mail/Text: bk@rgsfinancial.com Sep 04 2020 19:24:08      RGS Financial, Inc.,    PO Box 852039,
                 Richardson, TX 75085-2039
5348403        +E-mail/Text: jennifer.chacon@spservicing.com Sep 04 2020 19:24:36
                 Select Portfolio Servicing, Inc.,    PO Box 65250,    Salt Lake City, UT 84165-0250
5349134        +E-mail/PDF: gecsedi@recoverycorp.com Sep 04 2020 19:33:59      Synchrony Bank,
                 c/o PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
5352563         E-mail/Text: jennifer.chacon@spservicing.com Sep 04 2020 19:24:36
                 U.S. Bank National Association, et al,    c/o Select Portfolio Servicing, Inc.,
                 P.O. Box 65250,    Salt Lake City, UT 84165-0250
                                                                                              TOTAL: 19

             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
5350832*      ++DELL FINANCIAL SERVICES,    P O BOX 81577,   AUSTIN TX 78708-1577
                (address filed with court: Dell Financial Services, LLC,    Resurgent Capital Services,
                 PO Box 10390,    Greenville, SC 29603-0390)
                                                                                   TOTALS: 0, * 1, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.
```

***** BYPASSED RECIPIENTS (continued) *****

Addresses marked '++' were redirected to the recipient's preferred mailing address pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 06, 2020                              Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on September 4, 2020 at the address(es) listed below:

```
Aaron John Neuharth    on behalf of Debtor 2 Kelly J Harsh aneuharth@neuharthlaw.com,
 smartin@neuharthlaw.com
Aaron John Neuharth    on behalf of Debtor 1 Maurice L. Harsh aneuharth@neuharthlaw.com,
 smartin@neuharthlaw.com
Charles J DeHart, III (Trustee)    TWecf@pamd13trustee.com
James Warmbrodt    on behalf of Creditor   U.S. Bank National Association, as indenture trustee,
 for the CIM Trust 2016-1, Mortgage-Backed Notes, Series 2016-1 bkgroup@kmllawgroup.com
United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                                                            TOTAL: 5
```

Rev. 12/01/19

**LOCAL BANKRUPTCY FORM 3015-1**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

IN RE:
**Maurice L. Harsh**
**Kelly J. Harsh**

CHAPTER 13
CASE NO.

☑ ORIGINAL PLAN
____ AMENDED PLAN (Indicate 1st, 2nd, 3rd, etc.)
☑ Number of Motions to Avoid Liens
☑ Number of Motions to Value Collateral

**CHAPTER 13 PLAN**

**NOTICES**

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

1. The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. ☐ Included ☑ Not Included

2. The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. ☑ Included ☐ Not Included

3. The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. ☑ Included ☐ Not Included

**YOUR RIGHTS WILL BE AFFECTED**

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

**1. PLAN FUNDING AND LENGTH OF PLAN.**

    **A. Plan Payments From Future Income**

        1. To date, the Debtor paid $___ (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $**69,320.40**, plus other payments and property stated in § 1B below:

| Start mm/yy | End mm/yy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 8/2020 | 7/2025 | 1,155.34 | 0.00 | 1,155.34 | 69,320.40 |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  | Total Payments: | $**69,320.40** |

        2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

4. CHECK ONE: ☐ Debtor is at or under median income. *If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.*

   ☑ Debtor is over median income. Debtor estimates that a minimum of $**0.00** must be paid to allowed unsecured creditors in order to comply with the Means Test.

B. **Additional Plan Funding From Liquidation of Assets/Other**

1. The Debtor estimates that the liquidation value of this estate is $**0.00**. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

*Check one of the following two lines.*

☑ No assets will be liquidated. *If this line is checked, the rest of § 1.B.2 and complete § 1.B.3 if applicable*

☐ Certain assets will be liquidated as follows:

2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $__ from the sale of property known and designated as __. All sales shall be completed by __. If the property does not sell by the date specified, then the disposition of the property shall be as follows:
   _____

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows:
   _____

**2. SECURED CLAIMS.**

A. **Pre-Confirmation Distributions.** *Check one.*

☐ None. *If "None" is checked, the rest of § 2.A need not be completed or reproduced.*

☑ Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

| Name of Creditor | | Last Four Digits of Account Number | Estimated Monthly Payment |
|---|---|---|---|
| **Patriot Federal Credit Union** | 800 Wayne Avenue; Chambersburg, PA 17201 | 7380 | $767.64 |

1. The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

2. If a mortgagee files a notice pursuant to Fed. R. Bankr. P. 3002.1(b), the change in the conduit payment to the Trustee will not require modification of this plan.

B. **Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.** *Check one.*

☐ None. *If "None" is checked, the rest of § 2.B need not be completed or reproduced.*

☑ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not

avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| **Select Portfolio Servicing, Inc.** | **456 Mt. Pleasant Road Fayetteville, PA 17222  Franklin County**<br>**Debtors estimate the value to be between $130,000 and $150,000 based on other sales in their area.  realtor.com assigns a value of $171,000 and Zillow.com assigns a value of $15** | **4167** |

C. **Arrears (Including, but not limited to, claims secured by Debtor's principal residence)**. *Check one.*

☑ None. *If "None" is checked, the rest of § 2.C need not be completed or reproduced.*

D. **Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)**

☑ None. *If "None" is checked, the rest of § 2.D need not be completed or reproduced.*

E. **Secured claims for which a § 506 valuation is applicable.** *Check one.*

☐ None. *If "None" is checked, the rest of § 2.E need not be completed or reproduced.*

☑ Claims listed in the subsection are debts secured by property not described in § 2.D of this plan. These claims will be paid in the plan according to modified terms, and liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "$0.00" or "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. The liens will be avoided or limited through the plan or Debtor will file an adversary or other action (select method in last column). To the extent not already determined, the amount, extent or validity of the allowed secured claim for each claim listed below will be determined by the court at the confirmation hearing. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Value of Collateral (Modified Principal) | Interest Rate | Total Payment | Plan, Adversary or Other Action |
|---|---|---|---|---|---|
| **Patriot Federal Credit Union** | **2015 Chrysler 200S 169,000 miles KBB Value stated** | **$2,290.00** | **2%** | **$2,302.93** | **Plan** |

F. **Surrender of Collateral.** *Check one.*

☑ None. *If "None" is checked, the rest of § 2.F need not be completed or reproduced.*

G. **Lien Avoidance.** *Do not use for mortgages or for statutory liens, such as tax liens. Check one.*

☐ None. *If "None" is checked, the rest of § 2.G need not be completed or reproduced.*

☑ The Debtor moves to avoid the following judicial and/or nonpossessory, non-purchase money liens of the following creditors pursuant to § 522(f) (this § should not be used for statutory or consensual liens such as mortgages).

| Name of Lien Holder | **Barclay Card** |
|---|---|
| Lien Description<br>For judicial lien, include court and docket number | Judicial Lien, Court of Common Pleas of Franklin County, Case No. 2020-712.  Lien against all exempted personal property ($8,560) of Joint Debtor. |
| Description of the liened property | **debt obtained through extension of revolving credit** |
| Liened Asset Value | **$28,121.49** |
| Sum of Senior Liens | **$0.00** |
| Exemption Claimed | **$28,121.49** |

| Amount of Lien | $3,708.61 |
|---|---|
| Amount Avoided | $3,708.61 |

**3. PRIORITY CLAIMS.**

    **A. Administrative Claims**

        1. <u>Trustee's Fees</u>. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

        2. <u>Attorney's fees.</u> Complete only one of the following options:

            a.     In addition to the retainer of $ **2,025.00** already paid by the Debtor, the amount of $ **1,975.00** in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

            b.     $_____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

        3. <u>Other</u>. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above.
            *Check one of the following two lines.*

    ☑ None. *If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.*

    **B. Priority Claims (including, certain Domestic Support Obligations)**

Allowed unsecured claims, entitled to priority under § 1322(a) will be paid in full unless modified under § 9.

| Name of Creditor | Estimated Total Payment |
|---|---|
| **Internal Revenue Service** | $22,413.07 |

    **C. Domestic Support Obligations** assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B). *Check one of the following two lines.*

    ☑ None. *If "None" is checked, the rest of § 3.C need not be completed or reproduced.*

**4. UNSECURED CLAIMS**

    **A. Claims of Unsecured Nonpriority Creditors Specially Classified.**
    *Check one of the following two lines.*

    ☑ None. *If "None" is checked, the rest of § 4.A need not be completed or reproduced.*

    **B. Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

**5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one of the following two lines.*

    ☑ None. *If "None" is checked, the rest of § 5 need not be completed or reproduced.*

**6. VESTING OF PROPERTY OF THE ESTATE.**

    **Property of the estate will vest in the Debtor upon**

    *Check the applicable line:*

☐ plan confirmation.
☐ entry of discharge.
☐ closing of case.

**7. DISCHARGE: (Check one)**

☑ The debtor will seek a discharge pursuant to § 1328(a).
☐ The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

**8. ORDER OF DISTRIBUTION:**

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:
Level 1: _____
Level 2: _____
Level 3: _____
Level 4: _____
Level 5: _____
Level 6: _____
Level 7: _____
Level 8: _____

*If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.* If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1:   Adequate protection payments.
Level 2:   Debtor's attorney's fees.
Level 3:   Domestic Support Obligations.
Level 4:   Priority claims, pro rata.
Level 5:   Secured claims, pro rata.
Level 6:   Specially classified unsecured claims.
Level 7:   Timely filed general unsecured claims.
Level 8:   Untimely filed general unsecured claims to which the Debtor has not objected.

**9. NONSTANDARD PLAN PROVISIONS**

**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

Dated:   July 31, 2020

/s/ Aaron J. Neuharth
**Aaron J. Neuharth 88625**
Attorney for Debtor

/s/ Maurice L. Harsh
**Maurice L. Harsh**
Debtor

/s/ Kelly J. Harsh
**Kelly J. Harsh**
Joint Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.

5